IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **HUDSON INSURANCE COMPANY,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | |
| **MGB GROUP, INC.; LICON** | § | **EP-24-CV-00429-LS** |
| **ENGINEERING COMPANY, INC.;** | § | |
| **GALMAL PARTNERSHIP, LP;** | § | |
| **MARGARITA LICON,** | § | |
| | § | |
| *Defendants.* | § | |
| | § | |
| | § | |
| | § | |

**REPORT AND RECOMMENDATION**

Before the Court is Plaintiff Hudson Insurance Company's Motion for Interlocutory Default Judgment, ECF No. 32 [hereinafter "Mot."]. United States District Judge Leon Schydlower referred the Motion to the undersigned magistrate for a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule CV-72. Order Referring Mot., ECF No. 33. For the reasons set forth below, the Court **RECOMMENDS** Plaintiff's Motion be **DENIED**.

## I.    BACKGROUND

Plaintiff initiated the above-captioned action against Defendant MGB Group, Inc. ("MGB) on November 27, 2024. Compl., ECF No. 1. As proof of service, Plaintiff filed a Certificate of Service, ECF No. 10 [hereinafter "Cert."], from the Secretary of State of Texas, in which the Secretary certified that her office had received process in this action and mailed a copy to MGB at

a specified address in San Antonio, Texas, on January 22, 2025.[1]  The Certificate further provided that process was returned to the Secretary's office as undeliverable on February 3, 2025.

As of this date, MGB has not answered or otherwise appeared in this case.  Upon request by Plaintiff, the Clerk of the Court entered default against MGB on August 6, 2025.  Clerk's Entry Default, ECF No. 29.  On March 13, 2026, Plaintiff moved for entry of default judgment against MGB.

## II.    LEGAL STANDARD

### A.  Motions for Default Judgment

"The Federal Rules of Civil Procedure are designed for the just, speedy, and inexpensive disposition of cases on their merits, not for the termination of litigation by procedural maneuver." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). Accordingly, default judgments are viewed as "a drastic remedy, . .  resorted to by courts only in extreme situations."  *Id.* (collecting authority).

On a motion for default judgment, courts must treat as admitted all "well-pleaded allegations of fact" proffered by the movant.  *Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (collecting cases).  Even still, a movant "is not entitled to a default judgment simply because it has stated facts which make it plausible that a defendant may have defaulted."  *Chavers v. Hall*, 488 F. App'x 874, 879 (5th Cir. 2012).  Instead, given the general disfavor for default judgments, a non-movant may not be "held to admit facts that are not well-

---

[1]    It bears noting that, on March 8, 2025, the district court ordered Plaintiff to file proof of service for MGB by March 21, 2025.  *See* Order Ser. MGB, ECF No. 11.  Thereafter, on April 8, 2025, the district court dismissed MGB as a defendant, finding Plaintiff had failed to comply with the March 8 Order.  Order Dismiss. MGB, ECF No. 16. On a motion for reconsideration, in which Plaintiff clarified that the Certificate was intended to act as proof of service, the district court vacated its dismissal, determining that "[a]fter considering the Motion to Reconsider, the Response if any, and the arguments of counsel," it was "of the opinion that [Plaintiff's] Amended Motion to Reconsider should be in all things GRANTED."  *See* Order Grant. Pl.'s Amend. Mot. Recons. Order Dismiss. MGB, ECF No. 27. However, the order vacating dismissal did not address whether the Certificate constituted sufficient proof of service. *See id.*  Accordingly, issues regarding the adequacy of proof of service remain open for determination by this Court.

pleaded or to admit conclusions of law," *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 496 (5th Cir. 2015) (quoting *Nishimatsu,* 515 F.2d at 1206), and, as a general rule, any factual gaps or ambiguities are resolved in the non-movant's favor, *Chavers*, 488 F. App'x at 879 (quoting 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2681 (3d ed.)).

Before weighing any factors relevant to the default judgment analysis, a district court must determine whether it "has the power to enter a valid default judgment." *Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001). Where a plaintiff has failed to establish the court's personal jurisdiction over a defendant, neither default nor default judgment can properly be entered. *See id.*

## B. Federal Rule of Civil Procedure 4(h)

"It is axiomatic that in order for there to be in personam jurisdiction there must be valid service of process." *Attwell v. LaSalle Nat. Bank*, 607 F.2d 1157, 1159 (5th Cir. 1979). Under Federal Rule of Civil Procedure 4(h), which governs service of process to business entities, service of process to corporations within the United States may be effectuated in two ways. First, Rule 4(h)(1)(A) provides that service on a corporation is properly effected if carried out in accordance with "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." *See* Fed. R. Civ. P. 4(e)(1); *id.* at 4(h)(1)(A) (corporations may be served "in the manner prescribed by Rule 4(e)(1) for serving an individual"). In the alternative, under Rule 4(h)(1)(B), an entity may be properly served by (1) delivering copies of the summons and complaint to an agent statutorily authorized to receive service; and (2) mailing copies of process to each defendant, if required by the authorizing statute.[2]

---

[2]    Not applicable to the present analysis, an entity may also be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment . . . to receive service of process." Fed. R. Civ. P. 4(h)(1)(B).

3

**C.  Service of Process Under Texas State Law**

Subchapter F of the Texas Business Organizations Code governs service of process for business entities in Texas.  Section 5.251(1) of the Texas Business Organizations Code provides that the Secretary of State may serve as an entity's agent for the purposes receiving service of process where the entity fails to maintain a registered agent in Texas or "the registered agent of the entity cannot with reasonable diligence be found at the registered office of the entity."  Tex. Bus. Orgs. Code § 5.251(1).  Section 5.253 of the Code adds that, upon properly receiving service, the Secretary must forward a copy of the process to the named entity.

Importantly, as interpreted by the Texas Supreme Court, Section 5.253 does not merely memorialize a procedural preference, but instead institutes a forwarding requirement that must be satisfied for substituted service to be considered valid.  *See Shamrock Enters., LLC v. Top Notch Movers, LLC*, 728 S.W.3d 693, 700 (Tex. 2026) (proof of forwarding is "required for valid substituted service" under Section 5.251).  And Section 5.253's requirements are not fulfilled merely by forwarding process to *any* address associated with the defendant.  Indeed, service is deficient unless process was forwarded to the *correct* address – that is, to the entity's "most recent address . . . on file with the secretary of state."  *Id.* at 699–700 (citing *Wachovia Bank of Delaware, N.A. v. Gilliam*, 215 S.W.3d 848 (Tex. 2007)); *see* § 5.253.

### III.    DISCUSSION

Throughout litigation in this matter, Plaintiff has maintained that substituted service of process was effected on MGB through the Texas Secretary of State.  *See, e.g.,* Mot. ¶ 2(f); Cert. Where, as here, Texas serves as both the location of service and state in which the district court sits, Subchapter F of the Texas Business Organizations Code governs the rules for service of process on corporations for the purposes of Rule 4(h)(1)(A).  Likewise, the requirements set forth

4

in the Subchapter must be met for substituted process to be authorized and properly effectuated under Rule 4(h)(1)(B).

## A. Plaintiff's Motion should be denied.

In considering whether the requirements of Subchapter F were established for the purposes of granting Plaintiff's Motion, the Court takes as true the evidence and allegations contained in Plaintiff's Complaint, Certificate, and Motion, along with all attached exhibits. *See Nishimatsu*, 515 F.2d at 1206. For the reasons set forth below, the Court finds Plaintiff has not met its burden to prove that service of process was effected in accordance with the applicable procedural rules.[3]

### 1. Complaint

As pertinent to this analysis, the Complaint alleges:

> [MGB] is a Texas corporation with its principal place of business in El Paso, Texas and may be served with process through the Texas Secretary of State, because the registered agent of MGB is deceased and no new registered agent has been designated. The last known address of the defendant MGB is 300 Convent St. Ste 1330, San Antonio, Texas 78205.

Compl. ¶ 2. While these allegations are relevant to showing MGB failed to maintain a registered agent, further support is necessary for the Court to find the Texas Secretary of State received the Summons and Complaint and forwarded them to the correct address. *Shamrock*, 728 S.W.3d at 698 (an entity's "'principal office' and 'last known mailing address' . . . are not the addresses the Business Organizations Code designates for forwarding process to the defendant").

### 2. Motion for Default Judgment

In its Motion, Plaintiff addressed the issue of service simply by stating:

> Defendant MGB was served with a copy of the Complaint, and Summons on January 22, 2025, by the Texas Secretary of State. The Certificate of Service

---

[3]     Plaintiff has also asserted the Secretary was authorized to accept service under Texas Civil Practice and Remedies Code § 17.044. However, Section 17.044 authorizes the Secretary to act as "service of process or complaint on a *nonresident*." Accepting as true Plaintiff's pleadings, MGB is a resident of Texas, and thus Section 17.044 is inapplicable. *See* Compl. ¶ 2 (identifying MGB as "a Texas corporation with its principal place of business in El Paso, Texas").

provided by the Texas Secretary of State as proof that service was effected on Defendant MGB was filed with the Court on March 5, 2025.

Plaintiff's bare assertion that "service was effected on" MGB is a legal conclusion which the Court cannot accept as true. *See Wooten,* 788 F.3d at 496. Absent further support, the allegations contained in the Motion are insufficient to prove process was received by the Secretary and properly forwarded to MGB.

### 3. *Certificate of Service*

The Certificate submitted by Plaintiff states only that the Summons and Complaint were "received by [the Texas Secretary of State] on December 23, 2024, and that a copy was forwarded on January 22, 2025, by CERTIFIED MAIL, return receipt requested to" MGB Group Inc., at a specified address in San Antonio, Texas. Cert.

The Texas Supreme Court has held that parties relying on substituted service through the Texas Secretary of State must submit "a certificate from the Secretary showing that [the Secretary] forwarded a copy of the citation to the defendant." *See, e.g., U.S. Bank Nat'l Ass'n as Tr. for Res. Asset Mortg. Prods., Inc., Mortg. Asset-Backed Pass-Through Certificates Series 2005-EFC2 v. Moss,* 644 S.W.3d 130, 132 n.2 (Tex. 2022) (citing *Whitney v. L & L Realty Corp.*, 500 S.W.2d 94, 95–96 (Tex. 1973)). All the same, such certificates are not conclusive proof that the forwarding requirements were met unless "the face of the record . . . show[s] that the forwarding address is the one required by statute." *Shamrock*, 728 S.W.3d at 697 (quoting *Wachovia*, 215 S.W.3d at 850).

Although the Certificate states that process was received and forwarded by the Secretary, it does not certify that the San Antonio address was the most recent address the Secretary's office had on file for MGB. Thus, absent further clarification regarding the significance of the San

Antonio address, the Certificate establishes only "that process was served and forwarded to the address provided," but not that the address was correct. *Wachovia*, 215 S.W.3d at 850.

### 4.  Exhibits

Plaintiff submits several exhibits in support of its Motion, primarily for the purposes of supporting its damage calculations and the merits of its claims.  *See* Mot. ¶ 3.  Three such exhibits could be said to lend context to the significance of the San Antonio address – namely, a certificate by Plaintiff's counsel certifying the San Antonio address is the "last known mailing address" of MGB, Mot. Ex. B, ECF No. 32-8, and two partially executed contracts, not signed by MGB, which identify MGB as being "of" the San Antonio address,  Mot. Ex. 2A at 1, ECF No. 32-3; Mot. Ex. 2B at 1, ECF No. 32-4.  Yet while these exhibits may show Plaintiff and its counsel believe a connection exists between MGB and the San Antonio address, none establish the address was actually used by MGB, let alone filed with the Secretary of State.  *Shamrock*, 728 S.W.3d at 698.  Indeed, the only exhibit which could be said to show MGB acknowledging an address – a 2017 General Indemnity Agreement signed by MGB in 2017 – lists an El Paso address as the entity's "Corporate Address." *See* Mot. Ex. 1 at 5, ECF No. 32-2.  Accordingly, the evidence before the Court fails to establish, and potentially weighs against, a finding that the San Antonio forwarding address was correct.

Because the allegations and evidence before the Court do not prove process was effectuated in accordance with applicable procedural rules, the Court cannot find Plaintiff is entitled to default judgment against MGB.  The Court therefore recommends the Motion be denied without prejudice.

### B.  The Clerk's Entry of Default should be vacated.

"Under Federal Rules of Civil Procedure 55(c) and 60(b), a district court may set aside an entry of default or default judgment for 'good cause.'" *Lacy v. Sitel Corp.*, 227 F.3d 290, 291–92 (5th Cir. 2000).  Where, as here, Plaintiff has not established the Court's personal jurisdiction over

the defendant, entry of default is inappropriate, and "good cause" exists to set the default aside. *See Sys. Pipe*, 242 F.3d at 324; *see also SEKO Worldwide, LLC v. Ampak Logis., Inc.*, No. 2:25-CV-05927-JLS-RAO, 2026 WL 730458, at *1 (C.D. Cal. Mar. 12, 2026) (citations omitted) ("Without sufficient proof that Plaintiff properly served Defendant, good cause exists to set aside the entry of default."); *ONPOWER, INC. v. United Power Line Contractors, LLC*, No. 215CV796FTM99MRM, 2016 WL 9049315, at *2 (M.D. Fla. Mar. 14, 2016) (citing *Chambers v. Halsted Fin. Servs., LLC*, 2014 WL 3721209, at *1 (M.D. Fla. July 28, 2014)) ("absent a showing by Plaintiffs that they properly effectuated service of process, . . . an entry of default by the Clerk is not appropriate against Defendant").

Accordingly, the Court recommends the Clerk's Entry of Default be vacated.

## IV.   CONCLUSION

For the foregoing reasons, this Court **RECOMMENDS** the district court **ORDER** Plaintiff's Motion for Interlocutory Default Judgment, ECF No. 32, be **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that:

1.   the district court **ORDER** the Clerk's Entry of Default, ECF No. 29, be **VACATED**;

2.   the district court **ORDER** that, within 21 days of any order adopting the preceding recommendations, Plaintiff **SHOW** (1) the San Antonio address was MGB's most recent address on file with the Texas Secretary of State at the time service was effectuated; (2) service requirements were otherwise timely satisfied or waived; or (3) good cause exists for the failure to timely satisfy service requirements; and

3.   in any order adopting the preceding recommendations, the district court **ADVISE** Plaintiff that such an order shall act as **NOTICE** that, should Plaintiff fail to show

service requirements were satisfied or waived, the district court may *sua sponte* dismiss the action without prejudice against MGB, unless it finds good cause for the failure has been shown.[4]

**SIGNED** this 14th day of April, 2026.

_____

**ROBERT F. CASTAÑEDA**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THE FOREGOING REPORT, WITHIN FOURTEEN DAYS OF SERVICE OF SAME, MAY BAR DE NOVO DETERMINATION BY THE DISTRICT JUDGE OF AN ISSUE COVERED HEREIN AND SHALL BAR APPELLATE REVIEW, EXCEPT UPON GROUNDS OF PLAIN ERROR, OF ANY UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS AS MAY BE ACCEPTED OR ADOPTED BY THE DISTRICT COURT.**

---

[4]     Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time," unless "the plaintiff shows good cause for the failure."