**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **HUDSON INSURANCE COMPANY,** | § | |
| | § | |
| ***Plaintiff,*** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **MGB GROUP, INC.; LICON ENGINEERING COMPANY, INC.; GALMAL PARTNERSHIP, LP; MARGARITA LICON,** | § | **EP-24-CV-00429-LS-RFC** |
| | § | |
| | § | |
| | § | |
| | § | |
| ***Defendants.*** | § | |

**SECOND ORDER TO SHOW CAUSE**

On this day, the Court *sua sponte* considers the above-captioned case. United States District Judge Leon Schydlower referred the case to the undersigned magistrate "for determination of all nondispositive pretrial matters and report and recommendation on all dispositive pretrial matters," pursuant to 28 U.S.C. § 636(b)(1) and Local Rule CV-72. Order Referring Case Undersigned Mag. J., ECF No. 40.

## I. DISCUSSION

Plaintiff initiated this action against Defendant MGB Group, Inc. ("MGB"), and two other defendants, on November 27, 2024. Compl., ECF No. 1. On March 13, 2026, after MGB had failed to appear in the case, Plaintiff "move[d] the Court to enter a Default Judgment against [MGB], pursuant to Rule 55 of the Federal Rules of Civil Procedure." Mot. Interlocutory Default Judgment, ECF No. 32 [hereinafter "Mot."]. In considering the Motion, this Court determined Plaintiff failed to show a copy of service was forwarded to the most recent address the Secretary's

office had on file for MGB. R. & R. 5–7, ECF No. 35. Without such evidence, it could not find Plaintiff was entitled to default judgment, nor could it be certain that it had personal jurisdiction over the claims against MGB. *Id.* at 7–8. The Court thus recommended the Motion be denied and further recommended Plaintiff be ordered to "show (1) the San Antonio address [which service was forwarded to] was MGB's most recent address on file with the Texas Secretary of State at the time service was effectuated; (2) service requirements were otherwise timely satisfied or waived; or (3) good cause exists for the failure to timely satisfy service requirements." *Id.* at 8. (emphasis omitted).

Adopting this Court's recommendation on May 13, 2026, the District Court ordered Plaintiff to "show that [MGB's] San Antonio address was the most recent on file with the Texas Secretary of State and that it timely satisfied all service requirements, or show good cause for failure to timely serve, by June 3, 2026." Order Adopting R. & R., ECF No. 37 [hereinafter "May 13 Order"] (emphasis omitted).

On June 15, 2026, the District Court found that Plaintiff had not filed anything in the case since the May 13 Order was entered. *See* Order Show Cause, ECF No. 38. It therefore ordered "Plaintiff to show cause for failure to comply with the Court's [May 13 Order] by June 25, 2026." *Id.* The District Court cautioned that failure to show cause would "result in dismissal of all claims against MGB Group for want of prosecution." *Id.*

On June 18, 2026, Plaintiff filed "Plaintiff's Response to Court's Order to Show Cause that MGB Group, Inc's San Antonio Address was the Most Recent on File with the Texas Secretary of State," ECF No. 30 [hereinafter "Resp."]. In its Response, Plaintiff stated it "attache[d] as Exhibit 1, a printout from The Secretary of States website showing the last known address of MGB Group, Inc to be 300 Convent Street, Suite 1330, San Antonio Texas 78205 [sic]." *Id.* at 1. However, no

such exhibit was attached. *See* Resp. Moreover, Plaintiff provided no explanation for its failure to comply with the May 13 Order, as required by the Order to Show Cause. *Id.*

In light of the foregoing, the Court finds that Plaintiff has now failed to comply with two District Court orders. However, in the interests of resolving the case on the merits, Plaintiff will be given a **final** opportunity to cure both deficiencies before it recommends dismissal.

## II. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff shall, **by July 22, 2026**:

1. **SHOW** that MGB's San Antonio address was the most recent on file with the Texas Secretary of State and that it timely satisfied all service requirements, or show good cause for its failure to timely serve;

2. **SHOW CAUSE** for its failure to comply with the May 13 Order; and

3. **SHOW CAUSE** for its failure to comply with the Order to Show Cause.

**PLAINTIFF IS ADVISED FAILURE TO COMPLY WITH THIS ORDER WILL RESULT IN A RECOMMENDATION THAT ITS CLAIMS AGAINST MGB BE DISMISSED. THE COURT MAY FURTHER RECOMMEND DISMISSAL OF THE CLAIMS BROUGHT AGAINST DEFENDANTS LICON ENGINEERING COMPANY, INC., GALMAL PARTNERSHIP, LP, AND MARGARITA LICON, UNDER FED. R. CIV. P. 41(B).**

**SIGNED** this 17th day of July, 2026.

**ROBERT F. CASTAÑEDA**
**UNITED STATES MAGISTRATE JUDGE**